Appellant's second motion for rehearing is denied.

## BROWN v. STATE. (No. 12625.)

Court of Criminal Appeals of Texas. June 5, 1929.

Scott Gaines, of Angleton, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for selling intoxicating liquor; punishment, one year in the penitentiary.

There are three bills of exception, each of which has been examined, and none of which present error. The first of these sets out the testimony of the witness who affirms that he bought wine, whisky, and choc beer from appellant. This was objected to on the ground that witness had no search warrant. It is a new proposition to us that one going to a house and purchasing liquor from the occupant of said house could not testify to such fact unless he had a search warrant.

The second bill of exceptions complains of the refusal of the court to permit appellant to testify to what she said to the officer at the time he arrested her. Such statements on her part would have been self-serving and incompetent. They were not made in connection with the commission of the offense charged, but were at a time entirely subsequent thereto. The court charged the jury that, if they did not believe from the evidence beyond a reasonable doubt that defendant sold to Sam C. Mays spirituous liquor on or about the 10th of December, 1928, they should acquit. We perceive no error in the refusal of the special charge, in effect, that, unless the jury believe beyond a reasonable doubt that defendant and no other person sold whisky to said Mays on said date, they should acquit. The testimony in the case is amply sufficient to support the verdict and judgment.

No error appearing, the judgment will be affirmed.